IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK A. PANOWICZ  :

                        :

    v.                          :   Civil Action No. DKC 11-2417

                        :

SHARON L. HANCOCK  :

                        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights action are cross-motions for reconsideration filed by Plaintiff Mark A. Panowicz (ECF No. 11) and Defendant Sharon L. Hancock (ECF No. 13) and Plaintiff's motion for leave to amend his complaint (ECF No. 16). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motions will be denied.

## I. Background

Plaintiff, proceeding *pro se*, commenced this action on August 29, 2011, by filing a complaint against Ms. Hancock, individually and in her official capacity as Clerk of the Circuit Court for Charles County, Maryland, alleging constitutional violations pursuant to 42 U.S.C. § 1983 and supplemental state law claims. The complaint relates to the erroneous publication on the Maryland judicial website of

Petitioner's 2005 second-degree assault conviction as a third-degree sex offense. Plaintiff discovered this error while incarcerated for a separate offense in or around August 2008, and the website was corrected in November 2008 to reflect accurately his crime of conviction. He alleges that, since the time he was released from incarceration in February 2009, he has been unable to find work because many of his former colleagues believe he is a convicted sex offender due to the erroneous report on the website. The complaint requests an award of compensatory and punitive damages, as well as injunctive relief in the form of expungement of his 2005 conviction and an order directing notice to others who may have been affected by any policy that led to inaccurate publication of criminal convictions in the Circuit Court for Charles County.

In response, Ms. Hancock moved to dismiss, arguing, *inter alia*, that she was entitled to Eleventh Amendment immunity in her official capacity and absolute judicial immunity in her individual capacity. That motion was granted in part and denied in part by a memorandum opinion and order issued September 12, 2012. As to the official capacity claim for money damages, the court found that circuit court clerks are state officials under Maryland law, and, therefore, not "persons" subject to suit for money damages under § 1983. It further determined that retrospective injunctive relief – *i.e.*, expungement of a

2

criminal conviction – was not available to Plaintiff, and that

prospective relief – *i.e.*, notice to others potentially affected

– was not supported by the complaint, which acknowledged that a

policy had been put in place to prevent future errors.

Plaintiff's claim alleging violation of Article 40 of the

Maryland Declaration of Rights was also dismissed, as the court

found that his right to freedom of speech was not implicated by

the alleged defamation.

With regard to Plaintiff's individual capacity claim under

§ 1983, the court rejected Defendant's argument that she was

entitled to absolute judicial immunity, and found that the

complaint stated a claim for supervisory liability:

> Plaintiff has set forth a plausible claim
> that he suffered a cognizable injury as a
> result of Defendant's failure to implement
> formal safeguards against the erroneous
> publication of judgments of conviction on a
> judicial website. The question is a close
> one, and Plaintiff's ultimate burden in
> proving deliberate indifference is heavy,
> but the audit report nudges his claim across
> the line from conceivable to plausible.[1]
> The appendix to the audit report indicates

---

[1] Plaintiff attached to his complaint a December 1, 2009, report of an audit of the Office of the Clerk of the Circuit Court for Charles County conducted by the Maryland Office of Legislative Audits for the period from July 1, 2006, to June 30, 2009. As relevant here, the audit found that the clerk's office did not have formal procedures in place to ensure proper entry of criminal dispositions and recommended that it adopt an independent documented review process. Attached to the report was a letter, signed by Defendant, in which she concurred with the findings of the audit and advised that she had established a formal review procedure, as recommended.

that Defendant implemented informal
procedures to ensure that judgments were
accurately recorded, but the State's
recommendation that formal policies be
adopted at least suggests that these
informal procedures were in some respect
insufficient. To the extent that Defendant
may have known of a propensity for such
errors and failed to respond, whether by
implementing a formal policy or providing
training to her subordinates, Plaintiff has
set forth a sufficient § 1983 claim against
Defendant in her individual capacity, albeit
by a very thin margin.

(ECF No. 9, at 29-30 (internal marks and citations omitted)).

Plaintiff's claims alleging violations of Articles 19, 23, and

24 – which are *in pari materia* with the Due Process Clause of

the Fourteenth Amendment – were also permitted to go forward as

state law analogues to the surviving § 1983 claim.[2]

On September 25, 2012, Plaintiff filed a motion for

reconsideration of each of the dismissed counts. (ECF No. 11).

In opposing that motion, Defendant did not address any of

Plaintiff's arguments; rather, she essentially advanced her own

argument for reconsideration based upon the novel assertion that

"Defendant Hancock was not the Clerk of the Circuit Court for

Charles County at the time Plaintiff alleges Defendant Hancock

failed to take action as the Clerk." (ECF No. 12, at 3

---

[2] Additionally, the court explained that it did not read the
complaint's citation to Md. Code Ann., Cts. & Jud. Proc. § 2-
201, as asserting a cause of action, but rather that Plaintiff
cited this provision in support of his position that Defendant
owed him a duty. Plaintiff has since confirmed this view. (ECF
No. 11-1 ¶ 30).

(emphasis omitted)).  On the same date, Defendant separately filed a substantively-identical motion for reconsideration. (ECF No. 13).

In opposing Defendant's motion for reconsideration, Plaintiff asserts that Ms. Hancock's predecessor, Richard A. Day III – who is now deceased – "was the proper Clerk of the Circuit Court for Charles County at the time in question," and asserts that he would "submit an amended Complaint to [correct] this . . . mistake."  (ECF No. 15 ¶ 11).  Nevertheless, he argued, insofar as Defendant was the Chief Deputy Clerk of the Circuit Court for Charles County during the relevant time period, she may still be liable as a supervisor under § 1983 and, in any event, she was the clerk of court at the time of the erroneous publication on the judicial website.[3]  On January 18, 2013, Plaintiff filed a motion for leave to amend his complaint, attaching a proposed amended complaint naming Ms. Hancock (in her individual and official capacities as clerk and chief deputy clerk), Mr. Day (in his official capacity as clerk), Mr. Day's estate (in his individual capacity), and the Commissioners of Charles County, Maryland.  (ECF No. 16).

---

[3] Concomitantly with his opposition papers, Plaintiff filed a "motion for judicial notice of commonly known facts," asserting that, due to a weather-related court closure on the date the opposition was due, his opposition was timely-filed on the next business day pursuant to Fed.R.Civ.P. 6(a)(3).  (ECF No. 14).  Because Plaintiff is correct and the timeliness of his opposition is at issue, this motion will be granted.

## II.  Motions for Reconsideration

Because the parties seek reconsideration of a non-final, interlocutory order, their motion is properly analyzed under Fed.R.Civ.P. 54(b).  *See* Fed.R.Civ.P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action . . . and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").  The precise standard governing a motion for reconsideration of an interlocutory order is unclear.  Although the standards articulated in Rules 59(e) and 60(b) are not binding in an analysis of Rule 54(b) motions, *see Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003), courts frequently look to these standards for guidance in considering such motions, *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F.Supp.2d 559, 565-66 (M.D.N.C. 2005).  The *Akeva* court recognized that

> [p]ublic policy favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing questions that have already been decided. Most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions.  Courts will reconsider an interlocutory order in the following situations:  (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the

prior decision was based on clear error or
                    would work manifest injustice.

*Id.* (citations omitted); *see also Beyond Sys., Inc. v. Kraft*

*Foods, Inc.*, No. PJM-08-409, 2010 WL 3059344, at *1-2 (D.Md.

Aug. 4, 2010) (applying this three-part test when evaluating a

motion for reconsideration under Rule 54(b)). A motion for

reconsideration under Rule 54(b) may not be used merely to

reiterate arguments previously rejected by the court. *Beyond*

*Sys., Inc.*, 2010 WL 3059344, at *2.

     Plaintiff has not specifically addressed any of the grounds

for reconsideration, nor does any appear to apply. Rather, he

merely rehashes his discredited arguments that clerks of the

circuit courts are local officials not entitled to 11th Amendment

immunity in their official capacities; that he is entitled to

expungement of his criminal record; and that his claim under

Article 40 of the Maryland Declaration of Rights is viable. *See*

*Sanders v. Prince George's Public School System*, No. RWT

08cv501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011) (a motion

for reconsideration is "not the proper place to relitigate a

case after the court has ruled against a party, as mere

disagreement with the court's rulings will not support granting

such a request"). These arguments could only be cognizable if

the prior ruling was clearly erroneous, and Plaintiff has failed

to demonstrate that any such error occurred.

Much of his argument in support of reviving his official capacity § 1983 claim – *e.g.*, that "[t]he Clerk of the Circuit Court [for] Charles County is required by statute to have a bond[] to cover the faithful performance of the duties of their office" (ECF No. 11-1 ¶ 1); that the Maryland General Assembly, in 1986, amended the state constitution to provide that "the funding of the offices of the Clerks would be via the State budget rather than by means of their respective revenues" in order to "make the Clerks' offices revenue a part of the State treasury" (*id.* at ¶ 5) – actually supports, rather than calls into question, the propriety of the prior ruling. Similarly, the authority he cites in support of his contention that expungement of his state court conviction is available does not help his cause. *See United States v. Gary*, 206 F.Supp.2d 741, 741-42 (D.Md. 2002) (finding that while the district court possessed ancillary jurisdiction to expunge records of an unlawful arrest or conviction in federal court, it did not have the power to order expungement based on "equitable considerations," such as "enhancement of the defendant's employment situation"); *Martin-El v. Maryland*, Civ. No. JFM-11-3044, 2011 WL 5513241, at *3 (D.Md. Nov. 9, 2011) (finding that petitioner was required to pursue his request for expunction of state court conviction in state court). Finally, while it is true that Article 40 of the Maryland Declaration of Rights

8

provides that Maryland citizens are "responsible for the abuse" of their right to freedom of speech, Plaintiff has not cited any controlling authority recognizing a cause of action in defamation arising from this provision, nor does there appear to be any. *See Brunson v. Howard Co. Bd. of Educ.*, Civ. No. WDQ-10-3045, 2013 WL 388985, at *5 (D.Md. Jan. 30, 2013) (declining to exercise supplemental jurisdiction over novel claim under Article 40, noting that "there is virtually no state [case law] concerning a defamation exception to Article 40"). Moreover, it is unclear how a constitutional claim in this regard would be distinct from a common law tort claim for defamation, which would, in all likelihood, be time-barred. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-105 (providing one-year statute of limitations from the date of accrual for libel actions). Accordingly, Plaintiff's motion for reconsideration will be denied.

Defendant argues for the first time in her motion for reconsideration that the complaint must be dismissed because she was not the clerk of court on June 13, 2005, the date of Plaintiff's second-degree assault conviction. Defendant asserts that she "did not become Clerk until September 21, 2005, some three months after the [erroneous] entries allegedly were [made]"; thus, "Plaintiff has not set forth a sufficient § 1983 claim against Defendant in her individual capacity." (ECF No.

13, at 4).  The complaint, however, does not allege error in the

original recording of the judgment of conviction; indeed, the

record reflects that the judgment was accurately recorded as a

second-degree assault conviction as of December 26, 2006 (ECF

No. 16-3), and Plaintiff was found to have violated his

probation under that judgment in 2008.   Moreover, Plaintiff

acknowledges that the judicial website did not become available

until on or about March 7, 2006 (ECF No. 15 ¶ 8), and the

damages about which he complains did not occur until May 2008,

at the earliest (ECF No. 1 ¶ 38).   Thus, Ms. Hancock was

installed as clerk of the circuit court at all relevant times,

and the Defendant's motion for reconsideration will be denied.

## III. Motion for Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a)(2),

courts are to grant leave to amend a pleading "freely . . . when

justice so requires."   Leave should be denied, however, where

"the amendment would be prejudicial to the opposing party, there

has been bad faith on the part of the moving party, or the

amendment would be futile."  *HCMF Corp. v. Allen*, 238 F.3d 273,

276 (4th Cir. 2001) (quoting *Edwards v. City of Goldsboro*, 178

F.3d 231, 242 (4th Cir. 1999)).  "An amendment is futile when the

proposed amendment is clearly insufficient or frivolous on its

face, or if the amended claim would still fail to survive a

motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)."  *El-Amin*

*v. Blom*, Civ. No. CCB-11-3424, 2012 WL 2604213, at *11 (D.Md. July 5, 2012) (internal marks and citations omitted).

Here, Plaintiff has attached to his motion an amended complaint naming additional parties and adding a new claim. As noted, the timing of Ms. Hancock's tenure as clerk is not a material issue; thus, it is unnecessary to name her in her capacity as deputy clerk or to name her predecessor, Mr. Day, or his estate. The amended complaint also names the Commissioners of Charles County in an apparent attempt to revive Plaintiff's official capacity § 1983 claim – as the commissioners may be deemed local, rather than state, officials – but it is not at all clear how the commissioners could be responsible for a policy of the clerk's office, and the complaint does not state a plausible claim against them. To the extent that Plaintiff reasserts claims previously dismissed, the amended complaint assumes that his motion for reconsideration would prevail. Because it will not, he may not raise those claims again. Finally, he seeks to add a claim of ineffective assistance of counsel, apparently arguing that the actions of the clerk somehow undermined his counsel's representation at one of the criminal proceedings at issue, but this claim is patently meritless, as the performance of Plaintiff's counsel in any criminal proceeding is not at issue. Accordingly, amendment of

11

the complaint would be futile and Plaintiff's motion for leave to amend will be denied.

## IV. Conclusion

For the foregoing reasons, the motions for reconsideration and motion for leave to amend will be denied.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
