IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK A. PANOWICZ            :

    v.                         :   Civil Action No. DKC 11-2417

SHARON L. HANCOCK           :

**MEMORANDUM OPINION AND ORDER**

By a memorandum opinion and order issued September 12, 2012, the court granted in part and denied in part a motion to dismiss filed by Defendant Sharon L. Hancock. Following the denial of a motion for reconsideration filed by *pro se* Plaintiff Mark A. Panowicz, Defendant filed an answer and a scheduling order was entered. On June 11, 2013, Plaintiff filed a "motion to correct or clarify court record and provide relief under Federal Rule of Civil Procedure 60(b)," challenging the denial of his motion for reconsideration. (ECF No. 23). When that motion was itself denied, Plaintiff noted an interlocutory appeal, which is presently pending before the United States Court of Appeals for the Fourth Circuit.

On July 18, 2013, Plaintiff filed the pending "motion to compel Defendant to confer and complete discovery plan under Fed.R.Civ.P. 26(f)" (ECF No. 29) and motion for protective order (ECF No. 30). Upon the court's direction, Defendant filed

opposition papers on August 21. (ECF No. 33). Plaintiff filed a reply on September 9. (ECF No. 34).

The combined motion papers reflect that the parties were negotiating a discovery plan through a series of emails and phone conversations up to the time Plaintiff noted his appeal. According to Defendant, "[b]ecause Plaintiff chose to file an appeal, this Court no long has full jurisdiction over this matter – that jurisdiction rests with the Fourth Circuit Court of Appeals pending its resolution of the appeal." (ECF No. 33, at 5). Thus, Defendant has apparently discontinued all contact with Plaintiff and ceased discovery pending appellate review. Plaintiff insists that the interlocutory appeal does not automatically operate as a stay in the case and that the Rule 26(f) conference must be completed before discovery is propounded. He seeks an order compelling Defendant to reengage regarding a discovery plan and a protective order "to stay any obligation . . . to answer premature discovery requests . . . until Fed.R.Civ.P. 26(f) requirements are met[.]" (ECF No. 30-1, at 1).

As Judge Stamp explained in *United States v. Harris*, Crim. No. 5:07CR22, 2007 WL 3348465, at *1 (N.D.W.Va. Nov. 7, 2007):

> As a general rule, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Discount Co.*, 459 U.S. 56, 58 (1982).

2

> Indeed, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.* Nonetheless, a few narrow exceptions exist to this jurisdictional transfer principle, such as "where the defendant frivolously appeals, *see United States v. LaMere*, 951 F.2d 1106, 1109 (9th Cir. 1991) (per curium), or takes an interlocutory appeal from a non-appealable order, *see United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989)." *United States v. DeFries*, 129 F.3d 1293, 1302-03 (D.C. Cir. 1997).

Here, Plaintiff has noted an appeal "from the final judgment entered in this action on the 17th day of May, 2013," *i.e.*, the order denying his motion for reconsideration and for leave to amend his complaint. (ECF No. 26). That order, however, was not a "final judgment," as Plaintiff suggests. Rather, it was an interlocutory order over which the Fourth Circuit lacks jurisdiction, absent exceptions not applicable here. "A substantial body of precedent indicates that a notice of appeal does not divest a district court of jurisdiction when the appeal is taken from a non-appealable order or is otherwise patently frivolous." *Adam v. Wells Fargo Bank, N.A.*, Civ. No. ELH-09-2387, 2011 WL 4592401, at *4 (D.Md. Sept. 30, 2011). Pursuant to 28 U.S.C. § 1292(b), an appellate court may, in its discretion, consider an interlocutory appeal if, *inter alia*, the appeal is filed "within ten days after the entry of the

order[.]" Plaintiff's notice of appeal, however, was not filed within ten days of the denial of his motion for reconsideration; thus, his appeal is also untimely. Because the ruling on the motion for reconsideration was not immediately appealable, Plaintiff's notice of appeal has no jurisdictional effect. Consequently, Defendant's stated justification for refusing to proceed with the Rule 26(f) conference is misplaced.

So, too, however, are the arguments advanced by Plaintiff in support of his motions. Pursuant to Local Rules 103.9(b) and 104.4, a Rule 26(f) conference is not required unless otherwise ordered by the court, and no such order has been issued in this case. Because a Rule 26(f) conference is not required, Plaintiff's motion to compel such conference will be denied. His motion for a protective order, which is premised on Rule 26(d)(1) (no discovery prior to Rule 26(f) conference), will also be denied. The deadlines for completion of discovery, submission of a status report, and filing of motions for summary judgment will be extended.

Accordingly, it is this 27th day of September, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion to compel Rule 26(f) conference (ECF No. 29) and motion for protective order (ECF No. 30) BE, and the same hereby ARE, DENIED;

2. The schedule BE, and the same hereby IS, MODIFIED to reflect a new deadline for completion of all discovery and submission of a status report by December 13, 2013, and submission of all motions for summary judgment by January 10, 2014; and

3. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for Defendant and directly to Plaintiff.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge