IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| MARK A. PANOWICZ, | * |
| Plaintiff, | * |
| v. | *   Civil Action No.: DKC-11-2417 |
| SHARON L. HANCOCK, | * |
| Defendant. | * |

**MEMORANDUM OPINION**

Before this Court is Plaintiff's Motion to Request a Written Opinion from Magistrate Day to Clarify the Holdings from the October 2, 2014 Hearing in the Instant Case (ECF No. 76) (the "Motion") and the opposition thereto. The Court has reviewed the Motion, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court **GRANTS** the Motion and herein clarifies that it waived some, but not all, of Defendant's defenses as described below.

**I.   Factual Background**

On October 2, 2014, this Court held a hearing (the "Hearing") in the instant case regarding Plaintiff's Motion to Compel Discovery (ECF No. 53). The Court granted in part and denied in part the motion via paperless order. Plaintiff subsequently filed the Motion requesting a written opinion clarifying the ruling. In the Motion, Plaintiff specifically notes that "Plaintiff believes that Magistrate Day held that Defendant had waived all of her affirmative defenses, and

this waiver is effective against all knowledge and associated affirmative defenses which Defendant had up to and including October 2, 2014." The Motion 1. Sharon Hancock ("Defendant") argues in her reply that Plaintiff has misconstrued the holding, writing specifically that while "Judge Day noted that if the interrogatory answer did not contain sufficient information Defendant would be precluded from asserting the affirmative defense later" he "did not analyze each of the affirmative defenses asserted by Defendant" and instead simply "noted that the failure to support the affirmative defenses with facts (as requested in the interrogatory) would constitute waiver of the affirmative defense/preclude the affirmative defense from being asserted later." Defendant Sharon L. Hancock's Opposition to Plaintiff's Motion to Request a Written Opinion from Magistrate Day to Clarify The Holdings from the October 2, 2014 Hearing, ECF No. 77, 3. Defendant also argues that Plaintiff's misunderstanding centers around interrogatory 12, which reads: "State the facts concerning the matters alleged in each of Defendant's Affirmative Defense claims found in Defendant Sharon L. Hancock's Answer to the Complaint." Def.'s Opp'n 2.

## II.     Clarification of Previous Order

At the Hearing, the Court explained that as to Defendant's objections to Plaintiff's interrogatories, "all [of Defendant's] generic objections are waived" as "generalized, non-specific objections are insufficient to prevent the requested discovery." The Court cited to *Tucker v. Ohtsu Tire & Rubber Co.* in which this Court previously held that various "assertions of harassment, burden, prejudice, and expense" which constitute "generalized, non-specific objections" were "insufficient to prevent the requested discovery" as "[t]he party claiming that a discovery request is unduly burdensome must allege *specific facts* that indicate the nature and extent of the burden, usually by affidavits or other reliable evidence." *Tucker v. Ohtsu Tire &*

*Rubber Co.*, 191 F.R.D. 495, 498 (D. Md. 2000) (emphasis added).  The Court also held that to the extent that Defendant knew certain facts when she provided her answers to interrogatories and failed to articulate those facts in support of an affirmative defense she is precluded from asserting those facts at trial.

**III.    Conclusion**

For the foregoing reasons, the Court **GRANTS** the Motion and clarifies that this Court waived some of Defendant's defenses as described above.


March 17, 2015                                                                                          /s/
                                                                                            Charles B. Day
                                                                                            United States Magistrate Judge


CBD/sdh