IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MARYLAND

MARK A. PANOWICZ                :
                                :
                                :
    v.                          :    Civil Action No. DKC 11-2417
                                :
SHARON L. HANCOCK               :
                                :

**MEMORANDUM OPINION AND ORDER**

Presently pending and ready for review are Plaintiff Mark Panowicz's motion for reconsideration (ECF No. 90) and motion to reopen the sovereign immunity issue (ECF No. 91). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motions will be denied.

**I.   Background**

The background to this case may be found in the memorandum opinion issued on July 9, 2015. (*See* ECF No. 88, at 2-16). That opinion and an accompanying order granted Defendant Sharon Hancock's ("Defendant") motion for summary judgment, denied Plaintiff Mark Panowicz's ("Plaintiff") cross-motion for summary judgment, and entered judgment in favor of Defendant and against Plaintiff on all of Plaintiff's remaining claims. On July 27, 2015, Plaintiff filed a motion for reconsideration (ECF No. 90), a motion to reopen the sovereign immunity issue (ECF No. 91),

and a memorandum in support of his motions (ECF No. 92-3). Defendant responded in opposition (ECF No. 93), and Plaintiff replied (ECF No. 94).

**II. Standard of Review**

A motion for reconsideration filed within 28 days of the underlying order is governed by Fed.R.Civ.P. 59(e).[1] Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). A motion for reconsideration is properly denied when a movant fails to establish one of these three criteria. *See, e.g., Jarvis v. Enter. Fleet Servs. & Leasing Co.*, No. DKC-07-3385, 2010 WL 1929845, at *2 (D.Md. May

---

[1] A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment or order under Rule 60(b). *See* Fed.R.Civ.P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, however, Rule 60(b) controls. *See MLC Auto, LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *Classen Immunotherapies, Inc. v. King Pharmaceuticals, Inc.*, No. WDQ-04-3621, 2013 WL 5934055, at *3 (D.Md. Oct. 31, 2013). Here, because Plaintiff moved for reconsideration within 28 days of the July 9, 2015 memorandum opinion and order, Rule 59(e) governs the pending motion for reconsideration.

11, 2010), *aff'd*, 408 F.App'x 668 (4th Cir. 2011) (denying motion to reconsider because the plaintiff failed to identify valid circumstances that would cause the district court to alter or amend its prior opinion).

A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, et al., Federal Practice & Procedure § 2810.1, at 127–28 (2d ed. 1995)); *see also Medlock v. Rumsfeld*, 336 F.Supp.2d 452, 470 (D.Md. 2002), *aff'd*, 86 F.App'x 665 (4th Cir. 2004) (citation omitted) ("To the extent that Plaintiff is simply trying to reargue the case, he is not permitted to do so. Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized."). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (quoting Wright, et al., *supra*, § 2810.1, at 124).

**III. Analysis**

Plaintiff's motion for reconsideration does not satisfy any of the three grounds for reconsideration under Rule 59(e). Plaintiff has not identified any intervening change in law, newly developed evidence, clear error of law, or manifest injustice to warrant an alteration of the prior judgment. He

3

makes several arguments to support his motion for reconsideration, but none are persuasive.

First, Plaintiff argues that "the Court may not have understood Plaintiff was asserting [as] a basis for liability against Defendant[] . . . reckless disregard of Plaintiff's federal rights, and acts that were grossly negligent . . . that [] could be proven by inference from the facts presented." (ECF No. 92-3, at 2). Contrary to Plaintiff's assertion, the memorandum opinion indeed did address Plaintiff's burden of proof and the possibility of demonstrating fault by inference. (*See* ECF No. 88, at 26, 27 n.4). Plaintiff attempts to rehash the same arguments and facts that he presented in his cross-motion for summary judgment, and he contends that they provide an inference that Defendant acted with reckless disregard and gross negligence. A Rule 59(e) motion may not be used to relitigate old matters, which is precisely what Plaintiff attempts to do here. The memorandum opinion issued on July 9, 2015 explained that the facts presented by Plaintiff did not support his assertion that Defendant had acted with gross negligence or reckless disregard in carrying out her duties as Clerk of the Circuit Court for Charles County. (*Id.* at 23-29). Plaintiff was found to have "presented no evidence that Defendant Hancock or Clerk [Richard] Day were aware or should have been aware that Clerk's Office employees were engaged in

4

conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff." (*Id.* at 38). Furthermore, Defendant was found to be statutorily immune from liability for the improper recording of Plaintiff's conviction because she did not personally review or sign Plaintiff's commitment records, and there was no indication that she could have ratified the error. (*Id.* at 43-44). Accordingly, there is no reason to disturb the memorandum opinion and order.

Second, Plaintiff contends that recent case law of the United States Court of Appeals for the Fourth Circuit requires that Defendant prove entitlement to sovereign immunity under the Eleventh Amendment. Plaintiff also moves to reopen the sovereign immunity issue "previously decided by an interlocutory order." (ECF No. 91, at 1). Motions for reconsideration of an interlocutory order are governed by Fed.R.Civ.P. 54(b), under which "any order or other decision . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Thus, when warranted, a district court retains the power to reconsider and modify its interlocutory judgments at any time before final judgment. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003); *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991) ("An interlocutory order is subject to reconsideration at any time

5

prior to the entry of a final judgment."). Judgments are generally final only when they adjudicate and resolve *all* claims as to the parties. *Moore v. Lightstorm Ent.*, No. RWT-11-3644, 2013 WL 4052813, at *3 (D.Md. Aug. 9, 2013) (citing *Millville Quarry Inc. v. Liberty Mut. Fire Ins. Co.*, 217 F.3d 839, 2000 WL 1005202, *3 (4th Cir. 2000)). The July 9, 2015 memorandum opinion and accompanying order entered summary judgment in favor of Defendant and denied Plaintiff's motions. Given the entry of a final judgment, Plaintiff can no longer request reconsideration of an interlocutory order, as he does here. Plaintiff's motion to reopen the sovereign immunity issue will be denied.

Were Plaintiff able to contest the sovereign immunity issue through his Rule 59(e) motion for reconsideration, he nonetheless fails to provide a sufficient basis to alter or amend the court's decision. Plaintiff argues that "Defendant[] . . . failed to adequately address [her] burden of proof" to demonstrate entitlement to sovereign immunity, and he suggests that the issue should be rebriefed. (ECF No. 92-3, at 7). Although Plaintiff mistakes the case law he cites as constituting a change in Fourth Circuit controlling law, the substantive law governing the application of sovereign immunity remains the same. *Hutto v. South Carolina Retirement System* did not materially alter the analysis and relevant considerations in

determining whether an entity or official enjoys sovereign immunity. 773 F.3d 536 (4th Cir. 2014). Rather, the Fourth Circuit in *Hutto* reiterated that "the most important consideration is whether the state treasury will be responsible for paying any judgment that might be awarded. Thus, if the State treasury will be called upon to pay a judgment against a governmental entity, then Eleventh Amendment immunity applies to that entity." *Id.* at 543 (citations and internal quotation marks omitted). At the dismissal stage, a proper analysis of relevant factors and considerations was conducted. (*See* ECF No. 9, at 12-18). It was determined that, "[c]onsidering that a judgment against Defendant would likely be paid from the state treasury, that her position is created by the state constitution, and that her duties are defined by statute, Defendant is a state official under Maryland law." (*Id.* at 17-18). Plaintiff cannot point to an intervening change in controlling law that would give the court pause to reconsider its judgment.

Third, Plaintiff asserts that "[t]he Court may have made several misinterpretations of the evidence and documents submitted in this case." (ECF No. 92-3, at 8). However, Plaintiff does not offer new evidence that was unavailable at trial. To the contrary, he repeats previous arguments concerning available evidence and raises a new argument that the

7

statute of limitations was tolled or did not apply to his defamation claim brought under the Maryland Tort Claims Act ("MTCA"). The Fourth Circuit has cautioned that a party may not employ a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment . . . [or] argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403 (citations omitted). Even so, the memorandum opinion clearly determined that clerks "are considered state personnel under the MTCA and are immune from personal liability for allegedly tortious acts or omissions that are within the scope of their public duties and are made without malice or gross negligence." (ECF No. 88, at 46 (citing *Estate of Saylor v. Regal Cinemas, Inc.*, 54 F.Supp.3d 409, 422 (D.Md. 2014))). Accordingly, Plaintiff's claims would be barred by Defendant's statutory immunity under the MTCA.

Plaintiff also seeks to relitigate previous arguments regarding his Article 40 defamation claim, his claim of ineffective assistance of counsel, his contention that double jeopardy applies, and his assertions that the available evidence demonstrates Defendant's malice or gross negligence or constitutes admissions of liability. (ECF No. 92-3, at 9-14). Again, Plaintiff does not offer new evidence or identify any intervening change in controlling law. To justify

8

reconsideration on the basis of manifest error, the prior decision cannot be "just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (citation and internal quotation marks omitted). Here, Plaintiff fails to show that an amendment of the prior memorandum opinion is necessary to prevent manifest injustice. Plaintiff's reiteration of prior arguments reveals a "mere disagreement" with the court's decision and thus is an insufficient basis for such an extraordinary remedy. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

Fourth, Plaintiff argues that a determination in the memorandum opinion "may be based in issues that were beyond the adversarial issues presented to the Court." (ECF No. 92-3, at 2). That is, Plaintiff contends that the court reconsidered its prior holding when it "characterized [Plaintiff's] false conviction as simply an error made by the Defendant[]." (*Id.* at 14). Plaintiff mistakes the court's prior determination "that there was a proper allegation of a 'stigma-plus' claim" for a finding that Plaintiff had sufficiently demonstrated such a claim. (*Id.* at 15). Denying Defendant's motion to dismiss, the court found that Plaintiff had "set forth a sufficient § 1983 claim against Defendant in her individual capacity, albeit by a very thin margin." (ECF No. 9, at 30). Contrary to Plaintiff's

9

assertion, however, the July 9, 2015 memorandum opinion did not reverse a previous holding or conflict with the court's analysis at the dismissal stage.  Rather, that Plaintiff sufficiently pleaded a § 1983 claim against Defendant did not relieve him of his burden to provide facts and demonstrate the elements of such a claim.  Indeed, Plaintiff was warned that he would "ultimately be required to show prior instances of misconduct to prevail on his supervisory liability claim."  (*Id.* at 29).  At the summary judgment stage, Plaintiff "failed to meet his heavy burden of establishing [Defendant's] deliberate indifference by showing 'continued inaction in the face of documented widespread abuses.'  Moreover, Plaintiff has failed to establish an affirmative causal link between his injury and the purported inactions of Defendant."  (ECF No. 88, at 37-38 (quoting *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984))).  The memorandum opinion granting summary judgment in favor of Defendant was not clearly erroneous and did not work manifest injustice.  Thus, this ground for reconsideration is also meritless.

Plaintiff has not met the high bar he faces to succeed on his motion for reconsideration under Rule 59(e).  To the extent that Plaintiff advances new arguments in his motion for reconsideration, they are arguments that were available to him and should have been raised in his prior filings.  Plaintiff cannot point to an intervening change in controlling law since

10

the July 9, 2015 memorandum opinion and order.  He offers no new evidence that has since come to light.  And Plaintiff fails to identify any clear error of law or manifest injustice to warrant this extraordinary remedy.  Accordingly, Plaintiff has not met the grounds for reconsideration under Rule 59(e).

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motions for reconsideration and to reopen the sovereign immunity issue will be denied.  Thus, it is this 5th day of October, 2015, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff Mark Panowicz's motion for reconsideration (ECF No. 90) BE, and the same hereby IS, DENIED;

2. Plaintiff Mark Panowicz's motion to reopen the sovereign immunity issue (ECF No. 91) BE, and the same hereby IS, DENIED; and

3. The clerk will transmit copies of this Memorandum Opinion and Order to counsel for Defendant and directly to Plaintiff.

                                        /s/
                              DEBORAH K. CHASANOW
                              United States District Judge