IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK A. PANOWICZ                    :
                                    :
    v.                              :   Civil Action No. DKC 11-2417
                                    :
SHARON L. HANCOCK                   :
                                    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution are the four motions for relief under Federal Rule of Civil Procedure 60 filed by Plaintiff Mark A. Panowicz.  (ECF Nos. 108, 109, 110, 111). The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motions will be denied.

**I.  Background**

A detailed background of this case may be found in the memorandum opinion issued on July 9, 2015.  (ECF No. 88, at 2-16). In summary, Plaintiff, proceeding *pro se*, filed this lawsuit on August 29, 2011, against Defendant Sharon L. Hancock, Clerk of the Circuit Court for Charles County, Maryland, in her individual and official capacities.  (ECF No. 1).  In his complaint, Plaintiff alleged that Defendant Hancock violated his rights when the Clerk's office erroneously recorded his April 2005 *Alford* plea for a misdemeanor second-degree assault as a felony third-degree sex

offense on the court's electronic record.  (*Id.* ¶¶ 15, 19). Plaintiff discovered this error in August 2008 and shortly thereafter petitioned the Circuit Court for Charles County to correct it.  (*Id.* ¶¶ 41-42).  The Circuit Court for Charles County ordered that the error be corrected in November 2008.  (*Id.* ¶¶ 20, 46).  The complaint set forth claims under 42 U.S.C. § 1983 for violations of Plaintiff's federal constitutional rights as well as claims under Maryland law.  Plaintiff sought compensatory and punitive damages, "affirmative injunctive direction to send out notice to other people who may have been impacted by the improper policies, practices, procedures, customs[,] or improper training methods that result in improper records[,]" costs, and an "order [of] expungement of the record in the Circuit Court for Charles County for Mr. Panowicz's 2005 proceedings."  (*Id.* at 21-22).

Defendant Hancock filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on November 3, 2011.  (ECF No. 5).  The court granted the motion as to the § 1983 claim against Defendant Hancock in her official capacity and as to some of the state law claims but otherwise denied the motion.  (ECF Nos. 9, 10).  The parties engaged in discovery.  On November 17, 2014, Defendant Hancock filed a motion for summary judgment as to all remaining claims.  (ECF No. 64).  Plaintiff filed a cross-motion for summary judgment.  (ECF No. 72).  Plaintiff also filed a motion to amend his complaint to join additional parties and add claims

2

for violations of his Sixth Amendment right to effective assistance of counsel, First and Fourteenth Amendment rights of access to the courts, Fifth Amendment right against double jeopardy, and Fifth and Sixth Amendment rights related to plea bargains, as well as a defamation claim and a constructive fraud claim.  (ECF No. 67).

On July 9, 2015, the court granted Defendant Hancock's motion for summary judgment and denied Plaintiff's cross-motion and motion to amend the complaint.  (ECF Nos. 88, 89).  As for the motion to amend, the court determined that the amendment would be futile because Defendant's alleged actions—which amounted to a clerical error that did not impact Plaintiff's underlying charge or sentence—did not implicate any of those constitutional rights, the defamation claim was barred by the statute of limitations, and Defendant was entitled to state statutory immunity as to the fraud claim.  The court also determined that joining the additional parties would be futile.  As for the cross-motions for summary judgment, the court determined, among other things, that Plaintiff had "failed to meet his heavy burden of establishing Defendant Hancock's deliberate indifference by showing 'continued inaction in the face of documented widespread abuses,'" as is required to prove a claim against a supervisor for constitutional violations by their subordinates, especially because discovery revealed that Defendant Hancock was not the Clerk of Court when the inaccurate recording of Plaintiff's conviction occurred.  (ECF No. 88, at 37-

3

38 (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). The court also determined that summary judgment was warranted in Defendant Hancock's favor as to the state law claims because she was entitled to state law immunity. (ECF No. 88, at 49).

Plaintiff appealed the court's decision on November 5, 2015. (ECF No. 96). The United States Court of Appeals for the Fourth Circuit affirmed in an unpublished opinion. (ECF No. 102). Plaintiff petitioned the United States Supreme Court for writ of certiorari, and his petition was denied on May 1, 2017. (ECF Nos. 106, 107). Nothing was filed in this case for more than five years.

On November 1, 2022, Plaintiff filed four motions for relief under Federal Rule of Civil Procedure 60—specifically, Rule 60(b)(4), 60(b)(5), 60(b)(6), and 60(d)(3), respectively. (ECF Nos. 108-111). Defendant Hancock advised the court on February 2, 2023, that pursuant to Federal Rule of Civil Procedure 25(d), the current Clerk of the Circuit Court for Charles County, Lisa Yates, would in her official capacity be automatically substituted for Defendant Hancock in her official capacity. (ECF No. 114). Defendants Hancock and Yates then filed a response to Plaintiff's motions, and Plaintiff filed a reply.

**II. Analysis**

Federal Rule of Civil Procedure 60(b) provides:

4

> [T]he court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).  Motions under Rule 60(b)(4)-(6) must be made "within a reasonable time" after the entry of judgment, and the movant must make a showing of timeliness.  Fed.R.Civ.P. 60(c)(1); *Werner v. Carbo*, 731 F.2d 204, 206-07 (4th Cir. 1984).  Rule 60(d)(3) provides that a court may also "set aside a judgment for fraud on the court."  Fed.R.Civ.P. 60(d)(3).  No time limit applies to that rule.  *See Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 135-36 (4th Cir. 2014).

Rule 60(b) does not authorize a motion that "is nothing more than a request that the district court change its mind." *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982).  Indeed, given the "the sanctity of final judgments, expressed in the doctrine of res judicata," the rule provides a remedy that "is extraordinary and is only to be invoked upon a showing of exceptional circumstances." *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979) (internal quotation marks omitted).  Motions under Rule 60(b)(4) are limited to cases where "the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Wendt v.*

5

*Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). Relief from a judgment under the Rule 60(b)(5) "no longer equitable" clause may be granted only "if a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest." *United States v. Welsh*, 879 F.3d 530, 537 (4th Cir. 2018) (internal quotation marks omitted) (quoting *Horne v. Flores*, 557 U.S. 433, 447 (2009)). Rule 60(b)(6) is the "catchall" provision and should only be invoked in "extraordinary circumstances." *Aikens v. Ingram*, 652 F.3d 496, 500-01 (4th Cir. 2011) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11, 864 (1988)). Rule 60(d)(3) is "construed very narrowly," and relief under that provision is limited to situations where there was an "intentional plot to deceive the judiciary," "such as bribery of a judge or juror, or improper influence exerted on the court by an attorney"—a "fraud between parties" does not suffice. *Fox*, 739 F.3d at 136 (internal quotation marks omitted).

Plaintiff has not made a showing of timeliness—the order he challenges was entered almost eight years ago.[1] Even if he could make such a showing, he has not satisfied the heavy burden required

---

[1] Plaintiff states that he tried to submit a Rule 60 motion in December 2017 through his relatives while he was still "under a contested civil commitment," but his relatives improperly submitted the documents. (ECF No. 109-1, at 8). He does not, however, explain why he was unable to refile the motion properly once he was no longer under the civil commitment, which he states ended in April 2018.

to obtain relief under Rule 60(b) or (d).  Plaintiff's four motions consist mostly of arguments Plaintiff previously made in response to Defendant Hancock's motions to dismiss and for summary judgment, stretched and reframed to be arguments as to why relief under Rule 60 should be granted.  For example, he argues that the court denied him due process by failing to consider fully his double jeopardy claim and the evidence of his societal stigma harm related to his due process claim.  (ECF No. 108-1, at 8-9).  The court squarely addressed both of those claims in its memorandum opinion.  (ECF No. 88, at 19, 34-44).  What this argument essentially amounts to is a request that the court change its mind.  Rule 60 does not provide a vehicle for such requests.  *See Williams*, 674 F.2d at 313.

Aside from arguments previously made, Plaintiff argues that he has discovered new evidence that Defendant Hancock was deliberately indifferent to "accuracy issues identified in the transfer of court paper records to the court electronic record."[2] (ECF No. 109-1, at 7).  He has provided "excerpts from a 2003

---

[2] He also argues that he has recently discovered evidence of "clear intentional misuse of Plaintiff's 2005 records containing Plaintiff's unauthorized 'conviction' further evidencing harm to Plaintiff," in the form of a sheriff's report from October 2006 in which Plaintiff's sexual offense charge was mentioned. (ECF Nos. 110-29; 109-1, at 7).  However, the court's grant of summary judgment for Defendant Hancock was not based on the lack of evidence of harm to Plaintiff, and the sheriff's awareness of the charge that was later discovered to be erroneously recorded is irrelevant to Plaintiff's claims against Defendant Hancock.

Univ[ersity] of Maryland audit of the Maryland Criminal Justice Information System, showing a statewide 12% error rate in disposition accuracy between a circuit court paper record and a circuit court electronic record." (ECF Nos. 110-7; 111-1, at 9). He argues that this new evidence justifies relief under all four Rule 60 provisions. For a movant to prevail under Rule 60(b)(6) based on newly-submitted evidence, "the newly-submitted evidence must establish a fact 'so central to the litigation that it shows the initial judgment to have been manifestly unjust.'" *Moore v. Bethesda Fire Dep't, Inc.*, 937 F.2d 603 (Table), No. 90–2906, 1991 WL 126579, at *5 (4th Cir. July 15, 1991) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)).

Plaintiff's arguments fail for several reasons. First, the excerpts Plaintiff has provided are only seven non-consecutive pages out of the middle of a report, and those pages do not identify the report or the year in which it was published. (ECF No. 110-7). Assuming the report is what Plaintiff says it is, it purports to contain data only from the years 1998 through 2000—several years before the events in this case took place—and on a statewide basis. Additionally, Plaintiff has not shown that Defendant Hancock knew about this report. He provides meeting minutes for a conference in November 2005 that designate Defendant Hancock as an attendee, and the minutes reflect discussion of a "Data Reliability Study"

8

that was conducted that summer in Anne Arundel, Calvert, and Carroll Counties with "positive" results. (ECF No. 110-11). Plaintiff argues that this study must have been related to the 2003 University of Maryland audit, and therefore, Defendant Hancock must have known about the 2003 audit. (ECF No. 111-1, at 9-10). This is much too tenuous a connection to support relief under Rule 60. And even if the connection was there, Defendant Hancock's awareness of reports of statewide accuracy issues from years prior would not impact any of the bases upon which the court granted summary judgment for Defendant Hancock.

Plaintiff has not shown that the court lacked jurisdiction over his case, nor has he shown that the enforcement of the judgment prospectively would no longer be equitable. Indeed, there is no aspect of the judgment currently being enforced, other than the upholding of the denial of the relief Plaintiff sought in filing his lawsuit.[3] None of the other arguments Plaintiff makes rise to the level of "extraordinary circumstances." Plaintiff argues that Defendant Hancock's failure to produce the 2003 audit during discovery constitutes "fraud on the court," (ECF No. 111-1, at 37-40), but even if Defendant Hancock was aware of the audit

---

[3] Plaintiff asks the court to expunge the record of his 2005 conviction in the Circuit Court for Charles County as relief from prospective enforcement of the judgment, (ECF No. 109-1, at 22-23), but as the court has previously explained, expungement of a state criminal record must be sought through the state court system. (ECF No. 9, at 19).

9

and obligated to produce it during discovery and failed to do so, that failure plainly would not rise to the level of "fraud on the court" under the standard previously described.  Thus, Plaintiff has not presented any grounds upon which he would be entitled to relief under Rule 60.

### III. Conclusion

For the foregoing reasons, Plaintiff's motions for relief under Federal Rule of Civil Procedure 60 will be denied.  A separate order will follow.

                                          /s/
                              DEBORAH K. CHASANOW
                              United States District Judge